UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

WILLIAM D. DIXON,                     )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )   Case No. 7:22-cv-00274-LSC-JHE
                                      )
TUSCALOOSA COUNTY                     )
SHERIFF'S OFFICE, et al.,             )
                                      )
    Defendants.                       )

## MEMORANDUM OPINION

Plaintiff William D. Dixon filed a *pro se* complaint under 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1). On January 20, 2023, the magistrate judge entered a report recommending the court dismiss this action without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). (Doc. 23). The magistrate judge further recommended the court deny Dixon's motion for summary judgment (doc. 11). (Doc. 23). Dixon has filed objections to the report and recommendation. (Doc. 24).

In his objections, Dixon contends that the magistrate judge did not "acknowledge [his] pre-arrest allegations." (Doc. 24 at 1). Specifically, Dixon asserts that the magistrate judge did not consider his allegations that defendant Baker and other law enforcement officers unlawfully entered his residence, conducted

separate searches and seizures, and detained and arrested him. (Doc. 24 at 2–5). A review of the report and recommendation reflects that the magistrate judge construed Dixon's complaint to allege that on April 19, 2020, law enforcement officers, including defendant Baker, "unlawfully detained [Dixon] at his apartment, seized his cell phones, and transported him to the Tuscaloosa County Sheriff's Office for questioning without [Dixon's] consent, a warrant, or probable cause." (Doc. 23 at 3). Additionally, the magistrate judge noted Dixon's assertion that during a preliminary hearing, Baker testified that law enforcement officers did not have a warrant to seize evidence from Dixon's apartment. (Doc. 23 at 3). The magistrate judge also considered Dixon's allegation that the evidence obtained illegally from his cell phones led to his arrest and subsequent parole revocation. (Doc. 23 at 4). Thus, Dixon's assertion that the magistrate judge did not consider his "pre-arrest allegations" (doc. 24 at 1) is without merit and his objection on this ground is **OVERRULED**.

Dixon does not address in his objections the magistrate judge's conclusion that his Fourth Amendment search and seizure claims against Baker are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), to the extent he seeks monetary relief. (Doc. 23 at 4–7). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, "a § 1983 plaintiff must prove that

2

the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. at 486–87. And *Heck* applies equally to Dixon's claim that his parole was improperly revoked. *See Green v. McGill-Johnson*, 685 F. App'x 811, 812 (11th Cir. 2017) (citation omitted) ("Green's allegation, if proven true, would have necessarily implied the invalidity of his parole revocation . . . and his resulting imprisonment. Because Green's allegations would imply the invalidity of his confinement, the *Heck*-bar applies and Green's § 1983 claims must be dismissed.").

The magistrate judge concluded that Dixon's assertions that Baker obtained information from his phone illegally which resulted in his arrest for crimes involving a minor and his subsequent parole revocation call into question the validity of that revocation. (Doc. 23 at 4–7). Dixon has not alleged that his parole revocation has been set aside. *Heck*, 512 U.S. at 487. Accordingly, Dixon's claims for relief are due to be dismissed under *Heck*.

After careful consideration of the record in this case and the magistrate judge's report and Dixon's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation and 28 U.S.C. § 1915A(b)(1), this action is due to be dismissed without prejudice for failing to state

a claim upon which relief may be granted. Additionally, Dixon's motion for summary judgment (doc. 11) is due to be denied because it is premature, and Dixon cannot recover against the named defendants.

A final judgment will be entered.

**DONE** and **ORDERED** on February 24, 2023.

_____
L. Scott Coogler
United States District Judge

160704